**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| MICHAEL D. ROSS, : | |
| Petitioner, : | Case No. 3:05CV056 |
| vs. : | District Judge Walter Herbert Rice |
| | Magistrate Judge Sharon L. Ovington |
| ERNIE MOORE, Warden, : | |
| Lebanon Correctional Institution, | |
| : | |
| Respondent. | |
| : | |

**REPORT AND RECOMMENDATIONS[1]**

**I.    INTRODUCTION**

On July 3, 2003, a jury in the Montgomery County, Ohio Court of Common Pleas found Petitioner Michael D. Ross guilty of two criminal offenses: felonious assault in violation of Ohio Rev. Code §2935.01, with a weapons specification; and obstructing official business in violation of Ohio Rev. Code §2921.31(A), with a weapons specification. (Doc. #1 at 1; *see* Doc. #10, Exhibits 1, 4, 8). Ross waived his right to a jury trial on an additional charge of having a weapon under a disability. (Doc. #10, Exh. 7). The trial judge found Ross guilty of this charge. (Doc. #10, Exh. 8).

Ross is presently serving sentences totaling an eight-year term of imprisonment. (Doc. #10, Exhs. 8-10). He is incarcerated at the Lebanon Correctional Institution in Lebanon, Ohio.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Ross brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. The case is before the Court upon Ross's Petition (Doc. #1), Respondent's Answer and Exhibits (Doc. #s5, 8-10), and the record as a whole.

## II. BACKGROUND

Ross, through counsel, filed a timely direct appeal of his convictions in the Ohio Court of Appeals raising two Assignments of Error. He contended in part that the trial court erred by overruling his Motion for Acquittal because the evidence was insufficient to establish that he committed felonious assault. Ross presented this as a violation of his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (Doc. #10, Exh. 11 at ii, 10 (citing in part *Jackson v. Virginia*, 443 U.S. 307 (1979)).

Ross reasoned, based in part on *State v. Green*, 58 Ohio St.3d 239 (1991) and *State v. Brooks*, 44 Ohio St.3d 185 (1989), that a defendant's act of pointing a deadly weapon at another is by itself insufficient to prove felonious assault. There must, according to Ross, be additional evidence sufficient to prove the required level of intent such as "'verbal threats as perceived by a reasonable person under the circumstances....'" (Doc. #10, Exh.11 at 5 (quoting *Green*, 58 Ohio St.3d at 241)).

The Ohio Court of Appeals rejected Ross's arguments and affirmed his convictions. Although lengthy, the Ohio Court of Appeals' decision must be quoted because its reasoning is at the heart of Ross's present habeas corpus case. The Ohio Court of Appeals reasoned:

> In reviewing a challenge to the sufficiency of the evidence, we must determine whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found that the state had proven the essential elements of the crime beyond a reasonable doubt. *State v. Jenks* (1991),

61 Ohio St.3d 259, 273.[2]

    R.C. 2903.11 states:

    '(A) No person shall knowingly do either of the following:

    '(1) ***

    (2) Cause or attempt to cause physical harm to another *** by means of a deadly weapon or dangerous ordnance.'

    An attempt is defined in R.C. 2923.02 as:

    'No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense.'

    The Ohio Supreme Court has held that one can infer from the defendant's action under the circumstances whether the defendant possessed an intent to cause serious physical harm. *State v. Seiber* (1990), 56 Ohio St.3d 4, 15. In *State v. Woods* (1976), 48 Ohio St.2d 127, syllabus, the Ohio Supreme Court stated that criminal attempt occurs when a defendant 'purposely does or omits to do anything which is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. To constitute a substantial step, the conduct must be strongly corroborative of the actor's criminal purpose.'

    In *Brooks*, the Supreme Court examined whether the act of pointing a gun at someone absent more amounted to evidence of felonious assault. The Court concluded that absent other evidence, the mere act of pointing a gun at someone was not sufficient evidence for a conviction for felonious assault. *Id*. In *Brooks*, the defendant engaged in a heated exchange with a barmaid and pointed a gun at her, stating he would kill her. *Id*. The Court found that the defendant's statements in this situation amounted to sufficient additional evidence of an intent to cause physical harm to the barmaid justifying the conviction for felonious assault. *Id*. In *State v. Green* (1991), 58 Ohio St.3d 239, the Supreme Court elaborated stating, '[t]he act of pointing a deadly weapon at another coupled with a threat, which indicates an intention to use such weapon, is sufficient evidence to convict a defendant of the offense of 'felonious assault.'' In *Green*, the defendant pointed a loaded shotgun at a police officer and stated, 'If you don't have a

---

[2] A review of *State v. Jenks* reveals that the Ohio Supreme Court applied the standards set forth in *Jackson v. Virginia* to resolving an insufficient-evidence claim. *See Jenks*, 61 Ohio St.3d at 273.

warrant get the fuck out of my house.' *Id*. This threat when combined with pointing a rifle at a police officer was found to be sufficient evidence justifying a felonious assault conviction. *Id*.

In *State v. Jackson* (Dec. 11, 1997), Cuyahoga App. No. 72014, the Eighth District Court of Appeals examined a case where a defendant pointed a loaded weapon at a police officer but did not make any threatening comments or fire the weapon in the officer's presence. In *Jackson*, the defendant had a gun on his person and when he saw the officers [he] fled the area. *Id*. After chasing the defendant, the officers cornered the defendant on the roof of a garage. *Id*. The defendant then threw his jacket in the direction of the officer's head while he reached for his gun. *Id*. The defendant looked in the officer's direction and held the gun waist high, pointing it at the officer. *Id*. The officer fired at the defendant first, preventing him from shooting the officer. *Id*. The court found that the surrounding facts presented sufficient evidence from which one could conclude that the defendant took substantial steps towards causing the police officer physical harm in the form of throwing his jacket at the officer, producing the gun, and pointing it at the officer while looking in his direction. *Id*. Thus, the court upheld the defendant's conviction for felonious assault. *Id*.

We find the facts in the instant case similar to those in *Jackson*. In this case, Officer Copley was entering a known drug house, and Ross admittedly was an armed 'doorman' at the drug house. The evidence established that 'doormen' at drug houses are generally armed and act as security for the house. When Ross saw Copley and the other officers outside the building, who were clearly marked as 'police,' Ross looked at Copley and raised the gun, pointing the loaded, operable gun with its laser pointer at Copley's chest. Despite Officer Copley's orders for Ross to get down on the ground, Ross kept the gun pointed at Copley's chest while he attempted to close the door to the building. Officer Copley along with two other officers had to struggle against the door in order to reopen the door. While pushing against the door, Officer Copley repeatedly ordered Ross to 'Drop the gun.' Upon having opened the door, Ross was cornered behind the door and again pointed the gun at Officer Copley's chest. (Tr. 178). Despite the officers' repeated orders to drop the gun, Ross continued to aim the gun at Copley's chest until Officer Braun shot Ross in the arm. Only at this point did Ross cease pointing the gun at Copley and release it. We believe that the factual circumstances of this case, including the physical scuffle between the police and Ross over closing the door, the repeated act of pointing the laser aimed gun at Copley's chest while making eye contact with the officer, and Ross's staunch refusal to drop the gun or even cease pointing it at the officer despite being cornered and the police's repeated orders to do so, amount to sufficient evidence in this case that Ross was attempting to cause physical harm to Officer Copley....

(Doc. #10, Exh. 13 at 4-8).

Ross filed a timely *pro se* appeal in the Ohio Supreme Court. (Doc. #10, Exh. 14). He again challenged, under *Jackson v. Virginia*, the sufficiency of the evidence concerning felonious assault. *Id*. The Ohio Supreme Court denied Ross leave to appeal. (Doc. #10, Exh. 16).

### III.  ROSS'S PETITION

Ross filed the instant case raising two grounds for relief:

Ground One:  Evidence insufficient to establish conviction for felonious assault in violation of Petitioner's United States Constitutional right. Pursuant to law for felonious assault, the state must prove Petitioner knowingly cause[d] or attempt[ed to cause] physical harm to another by means of deadly weapon or dangerous ordnance. State of Ohio fail[ed] to submit evidence to support at least essential element of the charge[d] offense beyond a reasonable doubt as require[d] under the Constitution (14) Amendment.

Ground Two:  Evidence insufficient and against the manifest weight of the evidence to support conviction for felonious assault U.S. Const. (14). Pursuant to Ohio law for felonious assault, state must prove Petitioner['s] action was purposely or knowingly done to take a sufficient step to constitute the charge[d] offense. State failed to demonstrate Petitioner purposely, or knowingly attempted to cause physical harm to another by deadly weapon or dangerous ordnance beyond a reasonable doubt in violation of United States Constitution Amendment (14).

(Doc. #1 at 5).

### IV.  ANALYSIS

The Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case from conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he or she is charged. *Jackson v. Virginia*, 443 U.S. 307 (1979); *see Fiore v. White,* 531 U.S. 225, 228-29 (2001).

Prior to the enactment of the AEDPA, *Jackson v. Virginia* required courts conducting

5

federal habeas review to analyze claims of insufficient evidence by determining if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  443 U.S. at 324.  This standard reserved to the trier of fact the responsibility to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to the ultimate facts.  *See Herrera v. Collins*, 506 U.S. 390, 401-02, (1993); *see also Neal v. Morris*, 972 F.2d 675, 678 (6th Cir. 1992).  Circumstantial evidence was sufficient to support a conviction and such evidence did not have to remove every reasonable hypothesis except that of guilt.  *See Walker v. Russell*, 57 F.3d 472, 475 (6th Cir. 1995); *see also Tilley v. McMackin*, 989 F.2d 222, 225 (6th Cir. 1993).

Since the AEDPA took effect in 1996, a new higher threshold applies in federal habeas cases.  Under the AEDPA, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrases "contrary to" and "unreasonable application" have independent meanings:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in ... [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts.  The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case.  The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable ... and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted); *see Doan v. Brigano*, 237 F.3d 722, 729 (6th Cir.2001); *see also Tucker v. Warden, Ohio State Penitentiary*, 175 F.Supp.2d 999, 1002 (S.D. Ohio 2001)(Rice, C.J.).

Most significantly for Ross's habeas case, the plain language of §2254 prohibits granting a Writ of Habeas Corpus based on a *de novo* review of state-court decisions regarding constitutional claims. *Price v. Vincent*, 538 U.S. 634, 639 (2003). Instead, the AEDPA requires federal courts to view such claims "through the lens of §2254...." *Price*, 538 U.S. at 639. This analytical approach applies as follows to claims of insufficient evidence raised under *Jackson v. Virginia*:

> Because *Jackson* claims are mixed questions of law and fact..., a writ of habeas corpus may be issued for evidence insufficiency only if state courts have unreasonably applied the *Jackson* standard. Federal review of these claims therefore now turns on whether the state court provided fair process and engaged in reasoned, good-faith decision making when applying *Jackson's* 'no rational trier of fact' test.... [Section] 2254 'requires federal courts to take into account the care with which the state court considered the subject.... A responsible, thoughtful answer reached after a full opportunity to litigate is adequate to support the judgment.'

*Gomez v. Acvedo*, 106 F.3d 192, 199 (7th Cir. 1997), *vacated on other grounds sub nom. Gomez v. DeTella*, 522 U.S. 801 (1997); *see Brazzell v. Smith*, unreported, 1999 WL 1204795 at \*\*6 (6th Cir. Dec. 7, 1999); *see also Aldrich v. Bock*, 327 F.Supp.2d 743, 762 (E.D. Mich. 2004); *Welch v. Burke,* 49 F.Supp.2d 992, 1000 (E.D. Mich. 1999).³ Given this, it is particularly significant to

---

³ It appears that the United States Court of Appeals for Sixth Circuit has yet to directly address whether §2254(d) permits a *de novo* review of *Jackson* claims. *Brazzell v. Smith*, unreported, 1999 WL 1204795 at \*\*6 (6th Cir. 1999). Ordinarily, when *Jackson* claims are dismissed in federal habeas cases, the basis for dismissal is that even a *de novo* review of the record reveals sufficient evidence to support the petitioner's conviction(s). *E.g., Scott v. Elo*, 302 F.3d 598, 602-03 (6th Cir. 2002); *Sanford v. Yukins*, 288 F.3d 855, 860-63 (6th Cir. 2002). However, this Judicial Officer concludes that §2254(d)'s unreasonableness standard applies to *Jackson* claims for the reasons stated in *Acvedo*, 106 F.3d at 197-200; and because in *Scott v. Elo*, the Sixth Circuit generally recognized that habeas claims (including a *Jackson* claim) must be viewed under §2254(d)'s unreasonableness standard, *Scott*, 302 F.3d at 602 ("With these standards in mind, we consider each of Scott's claims in turn"); and because the Supreme Court has

note that one way a state court decision can be objectively unreasonable under §2254(d) is by failing "to appreciate or even consider the critical issues involved...." in the petitioner's case. *Washington v. Hofbauer*, 228 F.3d 689, 703 (6th Cir. 2000)(discussing ineffective assistance of counsel).

The Ohio Court of Appeals fully considered and rejected Ross's insufficient-evidence claim, including the main contention he presently raises – that the evidence was insufficient to prove he knowingly caused or attempted to cause physical harm to another. *Supra,* at pp. 3-5. In so doing, the Ohio Court of Appeals recognized that in order to prove felonious assault under Ohio law, the State was required to prove that Ross aimed a weapon at another and that the State was further required to produce additional evidence sufficient to prove his knowing intent to cause harm to another. *Supra*, at pp. 3-4. The Court of Appeals found such additional evidence by comparing the evidence and specific facts in Ross's case to a factually similar case, *State v. Jackson*. *Supra*, at p. 4. The Ohio Court of Appeals thus engaged in the type of reasoned, good-faith decisionmaking that is the hallmark of a reasonable application of *Jackson v. Virginia*. *See Gomez*, 106 F.3d at 199; *see also Brazzell*, unreported, 1999 WL 1204795 at **6.

In addition, even a *de novo* review of the Ohio Court of Appeals' decision reveals that it correctly rejected Ross's insufficient-evidence claim. This is because the following facts, if accepted as true, demonstrate that sufficient evidence – in addition to Ross's act of aiming a laser-sighted gun at a police officer – was presented at trial to prove that he knowingly caused or attempted to cause harm to a police officer. These facts include Ross's physical struggle with

---

emphasized (although in a non-*Jackson* case) the need to apply §2254(d)'s unreasonableness standard in federal habeas review instead of conducting a *de novo* review, and that a federal court's disagreement with the state court's application of Supreme Court case law fails to show objective unreasonableness under §2254(d), *see Price*, 538 U.S. at 638-43.

police to shut the door, Ross's repeated act of pointing the laser aimed gun at Officer Copley's chest, Ross's repeated refusals to drop the gun after numerous orders by the police to do so, and his refusal to drop the gun or to even cease pointing it at Officer Copley even after the police officers cornered him. *Supra*, at p. 4. The State therefore produced sufficient evidence, when construed in the State's favor as required by *Jackson v. Virginia*, 443 U.S. at 324, to support the elements of felonious assault under Ohio law. Given proof of these facts at trial, *see supra*, at p. 4, habeas corpus relief is not available to Ross. *See Biros v. Bagley*, 422 F.3d 379, 392 (6th Cir. 2005)(habeas relief denied when evidence was sufficient to support criminal conviction).

Accordingly, the Ohio Court of Appeals reasonably and correctly applied *Jackson v. Virginia* to Ross's constitutional claim, and consequently Ross's Fourteenth Amendment claim lacks merit.

### V. Certificate of Appealability

Before Ross may appeal a denial of his Petition, he must first obtain a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). To obtain a certificate of appealability when a Petition is denied on the merits, the petitioner must make a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This is accomplished by showing that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 484 (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983)).

The above conclusions that the Ohio Court of Appeals reasonably and correctly applied *Jackson v. Virginia* to Ross's constitutional claim are not debatable among jurists of reason. Ross's contentions in the present case fail to show that the issues presented were adequate to

deserve encouragement to proceed further. Consequently, a certificate of appealability should not issue.

### IT IS THEREFORE RECOMMENDED THAT:

1. Michael D. Ross's Petition for Writ of Habeas Corpus (Doc. #1) be DENIED;

2. A certificate of appealability under 28 U.S.C. §2253(c) not issue; and

3. The case be terminated on the docket of this Court.


October 24, 2005

    s/ Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).